IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS BONDS, JR.,

                          Petitioner,                        OPINION AND ORDER

      v.                                             09-cv-506-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                           Respondent.

---

Petitioner Julius Bonds, Jr., a prisoner at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the five dollar filing fee.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The subject of the petition is petitioner's September 2006 judgment of conviction in the Circuit Court for Brown County for two counts of burglary, aggravated battery, robbery by use of force and second-degree sexual assault.  Petitioner contends that his no contest pleas to all the charges were invalid because they were the product of ineffective assistance of counsel and that his plea to aggravated battery was invalid because the trial court did not properly advise him of all of the elements of the offense.  In addition, he contends that his arrest was unlawful and that his sentences violate the double jeopardy clause of the United States Constitution.

The relevant facts were summarized by the Wisconsin Court of Appeals in an opinion and order issued on April 22, 2008, a copy of which petitioner has attached to the petition. The state appellate court found that petitioner had not presented any evidence to show that his lawyer's performance was deficient. It also found that the trial court had properly informed petitioner of all of the elements of the offense of aggravated battery and that petitioner's plea was in all other respects entered voluntarily and intelligently. In his petition, petitioner offers nothing to call into question either the court's ultimate findings that his plea was valid or the predicate facts on which those findings rested. This failure dooms his claim. However, because petitioner may not have been aware of what he must show in order to be entitled to federal habeas relief, before dismissing the petition I will give petitioner the opportunity to make that showing. As for petitioner's invalid arrest and double jeopardy claims, neither states a viable claim for federal habeas relief and therefore both will be dismissed.

The following facts are taken verbatim from the Wisconsin Court of Appeals' opinion in State v. Bonds, 2007AP2032-CRNM, at 1-5 (Ct. App. April 22, 2008).

## FACTS

The charges arose from two incidents occurring late on the night of July 4, 2005. The complaint alleged Bonds entered the home of seventy-eight-year-old E.J.S., then brutalized, raped and robbed her. E.J.S. testified at the preliminary hearing that she was dozing in a rocker when Bonds entered her living room. He tried to make her walk but she fell. She told him, "I can't get up, I need a walker." She said she had a bad heart. Bonds grabbed her, threw

2

her into furniture, pulled her hair and dragged her into the bedroom.  Bonds knocked her down on the bed and sexually assaulted her.  Bonds put his penis in her mouth, her ear and her vagina.  Bonds threatened to kill her if she did not do what he wanted her to do, repeatedly referring to her as "white bitch."  After taking her money and jewelry, he drove away in her Buick.

Bonds was also alleged to have taken a wallet containing credit cards from the home of Theresa Irizarry.  The victim testified at the preliminary hearing that on the evening of the Fourth of July, she and her family were in the backyard watching fireworks.  The next morning she noticed that her purse was open and her wallet with credit cards was missing.  She later discovered her husband's credit card was also missing.[2]  The wallet and purse had been on top of the dishwasher in the kitchen next to the window, visible from outside the house.  Irizarry had purchased items at Woodman's and Home Depot on July 4 and the receipts had been in her wallet.  Officers collecting evidence at E.J.S.'s residence on July 5 discovered a Woodman's receipt and a Home Depot receipt on the floor in E.J.S.'s bedroom.

The police later arrested Kim Schroeder driving the Buick.  Schroeder said Bonds came to her apartment the morning of July 5 with money, jewelry and credit cards.  The name on the credit cards was Theresa Irizarry.  Bonds asked Schroeder to go buy beer, and gave her the keys to the Buick.  Bonds said he got the car from an "old lady" who had "sucked my dick."

Pursuant to a plea agreement, Bonds pleaded no contest to all the charges except a charge of operating a motor vehicle without the owner's consent, and the State recommended dismissal of repeater allegations and also recommended the burglary sentences be concurrent to a sentence Bonds was then serving as a result of parole revocation.

Following the plea proceedings, Bonds filed three pro se motions.  First, Bonds moved to withdraw his plea, alleging lack of a factual basis for the pleas

---

[2]Later on the day of July 5, the woman received a telephone call from a man saying he was looking for Theresa and wanted to return a car.  Bonds and another man came to her house in a gold car she did not recognize.  Bonds showed her the wallet and credit cards.  He said he found them in the car.  She looked through the glove compartment and found documents with E.J.S.'s name on it.  She told Bonds and his companion that she thought the car was stolen and she asked her brother to call the police.  Bonds left before the police arrived.

and defense counsel's ineffectiveness.  Second, Bonds moved to dismiss the complaint, claiming it failed to allege facts establishing probable cause to believe he committed the offenses.   Third, Bonds moved to remove his attorney and "to proceed pro se and with the rights to stand-by counsel in this matter."  In his supporting affidavit, Bonds alleged his attorney failed to investigate records and witnesses.  Bonds stated his attorney advised him,

> [I] understand that['] your position that [D.J.S.] consented to everything that happened that night.  However, I don't think a jury from any county in this State will believe that.  I am sure that you realize such a claim does not make a whole lot of sense--a man breaks into an elderly lady's house late at night, then there is some chemistry between the man and the elderly lady and she consents to their "fooling around."  That doesn't make for a believable account.

On September 11, 2006, a hearing was held on Bonds's motions.  In the interim, the circuit court received the presentence investigative report.  The court noted that Bonds was taking a different position in his motion to withdraw his plea than in his statement to the writer of the PSI.  In his interview with the PSI writer, Bonds admitted taking the credit cards, but denied any knowledge or memory of sexually assaulting E.J.S.  In his motion and supporting affidavit, Bonds argued consent as a defense to the sexual assault charge.  The court asked defense counsel which was Bonds' position.  Defense counsel stated, "I don't know if he is 100 percent decided on what he wants to do."  The court addressed Bonds and asked, "[D]o you want to proceed with the sentencing today or do you want me to address, to make a decision on your motions to allow you to withdraw your pleas and consider appointing a new attorney for you?"  Bonds said he did not know.  He wanted to make sure "everything is done by the law."  However, he would like to "get this over and done with [] so everybody can get on with their lives."

The court told Bonds he had the choice to proceed to sentencing or have the court rule on his motions.  The court allowed Bonds to talk to defense counsel and when Bonds had finished, he told the court, "I am going to go ahead with the sentence."  Bonds also stated, "I plan to have him represent me.  But I want to, you know, I want to speak when my time comes."

4

In his allocution, Bonds directed his comments to E.J.S.  Bonds said he was very sorry for his conduct and that he was "drunk and out of it."  He had not planned the offenses, and he thought the right thing to do was to plead and "get this over with."  The court imposed a global sentence totaling fifty-three years' initial confinement and thirty-three years' extended supervision.  The court imposed a total sentence on the burglary counts of seven and one-half years' initial confinement and five years' extended supervision; on the aggravated battery count, three years' initial confinement and three years' extended supervision; on the robbery count, ten years' initial confinement and five years' extended supervision; and on the sexual assault count, twenty-five years' initial confinement and fifteen years' extended supervision.  The sentences were imposed consecutively to each other, but concurrent with the sentence Bonds was currently serving.

State v. Bonds, 2007AP2032-CRNM, at 1-5 (Ct. App. April 22, 2008).


STATE APPELLATE COURT OPINION

Petitioner pursued a direct appeal from his conviction and sentences.  His appointed lawyer filed a no-merit report, to which petitioner filed a response.  Reviewing the record independently pursuant to Anders v. California, 386 U.S. 738 (1967), the court of appeals found no issues of arguable merit.  Bonds, 2007AP2032, at 2.  The court found no basis upon which petitioner could withdraw his no contest plea, finding that the plea questionnaire and waiver of rights form, together with the court's colloquy, had adequately informed petitioner of the constitutional rights he was waiving by pleading no contest, the elements of the offenses and the potential penalties; that the court had specifically informed petitioner that it was not limited by the parties' sentence recommendations and was free to impose the maximum sentences; and that an adequate factual basis existed in the complaint

and the preliminary hearing to support the conviction.  Id. at 5.  The court rejected petitioner's contention that his plea was not knowingly made because he was not informed that "conduct creating a substantial risk of great bodily harm" under the aggravated battery statute, Wis. Stat. § 940.19(6), was presumed if the person harmed was 62 years or older. The court explained that the presumption was merely a rebuttable presumption that was not an additional element of the offense.  Id., at 6.  The court noted that a copy of the jury instructions setting forth the elements of Wis. Stat. § 940.19(6) had been attached to the plea questionnaire and that during the plea colloquy, the court had explained the essential elements of the offenses to petitioner and confirmed that petitioner had reviewed the jury instructions with his lawyer.  Overall, the court found, the record showed that petitioner's plea was freely, voluntarily and intelligently entered.  Id.  It added that by entering such a plea, petitioner had waived all non-jurisdictional defects and defenses.  Id.

The court also found no arguable basis to challenge the resolution of petitioner's pro se motions to withdraw his plea, explaining:

> The circuit court expressed its willingness to consider whether defense counsel provided ineffective assistance of counsel.  The court indicated that if such was established, there would be grounds for plea withdrawal.  However, [petitioner] waived these issues when he told the court that he wanted to proceed to sentencing and have his attorney represent him.

Id.

Addressing petitioner's claim that his lawyer had been ineffective for failing to pursue an intoxication defense based on petitioner's having been under the influence of a

6

combination of prescription medications, the court found that petitioner had failed to show that his lawyer's performance was defective.  The court pointed out that although petitioner asserted that the drugs caused "mental confusion," he had not identified any expert witness who would testify on his behalf or explained how any expert would testify if called.  Id. at 7.  Finally, the court found no error with respect to petitioner's sentences, noting that the court had considered the applicable guidelines, given an adequate explanation of the reasons for the sentences imposed and did not impose any sentence that exceed the maximum allowable or was so excessive as to shock public sentiment.  Id. at 6-7.

The Wisconsin Supreme Court denied petitioner's petition for discretionary review on August 18, 2008.

OPINION

In his federal habeas petition, petitioner asserts four grounds for relief:  1) his no contest plea was unknowing and involuntary because neither trial counsel nor the trial court informed petitioner of all of the elements of aggravated battery and both trial counsel and the trial court told petitioner that the court would not appoint another lawyer to represent him if petitioner fired his trial lawyer; 2) his no contest plea was not a voluntary plea because his lawyer threatened to abandon him if he insisted on going to trial, told him no jury would believe petitioner's claim that he was under the influence of alcohol and prescription medication at the time he committed the crimes, refused to call a medical expert to support

7

petitioner's defense and told petitioner the court would not appoint a new lawyer to represent him; 3) petitioner's arrest was unlawful because the court did not make a probable cause determination or issue a warrant; and 4) petitioner's conviction and sentences violate the prohibition against double jeopardy.  I will assume for the sake of deciding the petition that petitioner properly exhausted these claims by presenting them to the Wisconsin Court of Appeals in his response to his lawyer's no-merit report and to the Wisconsin Supreme Court in his petition for review.

A state prisoner is entitled to federal habeas relief only if he can show that he is in custody in violation of the laws or Constitution of the United States.  28 U.S.C. § 2254(a). Further, with respect to any claim that has been adjudicated on the merits in state court proceedings, a federal court cannot grant habeas relief unless the state courts' adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  State court factual findings are presumed to be correct in a federal habeas proceeding, and this presumption can be overcome only with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

8

When reviewing a petition preliminarily under Rule 4, the district court must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.  Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible."  Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).  In determining whether to dismiss summarily under Rule 4, the district court need not examine the trial records if the state court opinions summarize the relevant facts and the petitioner does not dispute that summary but contends only that the state courts should have reached a different conclusion.  Id.  See also Clark v. Waller, 490 F.3d 551, 555 (6th Cir. 2007) (holding that review of transcript was not necessary because "[petitioner] does not quarrel with the state court's recitation of the relevant evidence, nor does he point to gaps in it").

Reviewing the petition and its attachments in light of these standards, it is plain that petitioner is not entitled to relief.  First, claims 3 and 4 fail to state cognizable claims for federal habeas relief.  In claim 3, petitioner contends that his arrest was illegal, but "[a]n illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings."  Sanders v. Israel, 717 F.2d 422, 432 (7th Cir. 1984) (citing United States v. Crews, 445 U.S. 463, 474 (1980) and Gerstein v. Pugh, 420 U.S. 103, 119 (1975)).  Notably, petitioner has not alleged that any evidence derived from the allegedly

unlawful arrest was admitted against him at trial. As the Court explained in <u>Crews</u>, 445 U.S. at 474:

> The exclusionary principle . . . delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct.

<u>See</u> <u>also</u> <u>Hudson v. Michigan</u>, 547 U.S. 586, 594 (2006) (remedy of suppression not available for violation of knock-and-announce rule). Similarly, the fact that petitioner was allegedly seized without a judge first making a probable cause determination does not void his subsequent conviction. <u>Pugh</u>, 420 U.S. 866 ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"). Finally, the state statute on which petitioner relies, Wis. Stat. § 968.02(2), requires a court to make a probable cause determination and issue a summons or warrant only if a complaint has been filed. It does not prevent a law enforcement officer from arresting a person if there are reasonable grounds to believe the person has committed a crime.

Petitioner has failed to allege any facts that make out a colorable double jeopardy violation, which he presents as claim 4. Petitioner cites a variety of state sentencing provisions, but it is unclear how these support petitioner's claim that his sentence violates his rights under *federal* law. As best I can tell, petitioner is contending that the court should have imposed concurrent, rather than consecutive, sentences. Such a decision is a matter within the discretion of the trial court. <u>State v. Berggren</u>, 2009 WI Ap 82, ¶46, 769 N.W.2d

110, 124 (Ct. App. 2009).  The state appellate court reviewed the sentences imposed and found that the trial court had exercised its discretion, considered the appropriate guidelines and imposed sentences that were not so excessive as to shock public sentiment.  Petitioner's double jeopardy claim, which he supports only by citing to a variety of state sentencing statutes that have no clear application to his case, is patently frivolous.

In claims 1 and 2, petitioner challenges the voluntariness of his plea.  Although the claims are not patently frivolous on their face, they are highly unlikely to succeed in light of the state appellate court's findings.  First, the state appellate court determined that the record did not support petitioner's claim that the trial court did not advise him of all of the elements of aggravated battery, finding that petitioner had been advised both by the trial court and the plea questionnaire of all of the elements of the offense.  The state appellate court's finding in this regard is a finding of fact that this court must presume is correct absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(2).  Petitioner has not disputed the state appellate court's recitation of the facts or pointed to any evidence that he thinks compels a different conclusion.  Accordingly, this court has no reason to disturb the court's determination that petitioner was properly advised of all of the elements of aggravated battery.  Insofar as petitioner may be attempting to reassert his claim that he should have been advised that the statute includes a rebuttable presumption that "great bodily harm" results if the person harmed is more than 61 years old, the state appellate court found that this was not an element of the offense of which petitioner had to be advised.  The

11

Wisconsin Court of Appeals' interpretation of its state's own criminal statutes is a matter of state law that this court has no authority to review.  McCloud v. Deppisch, 409 F.3d 869, 875 (7th Cir. 2005).  Further, petitioner has given no indication that he would not have entered a plea to the aggravated battery count had he known about the presumption.  If anything, knowledge of the presumption, which made the state's case against petitioner easier to prove at trial, would have given petitioner *more* reason to enter a plea.

The findings by the state court of appeals also contradict petitioner's assertion that he was informed that he would not get a new lawyer if he pursued his pro se motions and fired his lawyer.  The appellate court noted that before proceeding to sentencing, the trial court asked petitioner whether he wanted the court "to make a decision on your motions to allow you to withdraw your pleas and consider appointing a new attorney for you?"  The appellate court also found that the trial court had told petitioner that if he showed that his lawyer had provided ineffective assistance, there would be grounds for plea withdrawal.  In spite of the court's willingness to entertain his motions and its statement that the appointment of a new lawyer could result, petitioner opted to abandon his motions, stand by his plea and proceed to sentencing.  Petitioner has not disputed any of these facts, which refute his assertion that his lawyer misled him into entering a plea by representing that petitioner could not get a new lawyer.

Finally, petitioner claims that his lawyer was ineffective because he refused to pursue a defense of involuntary intoxication caused by petitioner's allegedly having consumed

alcohol while taking prescription medications (the names of which petitioner has not identified).  As in the state court of appeals, however, petitioner has not presented any medical evidence or expert testimony to support his claim that such a defense was viable. Absent such evidence, this court has no basis on which to conclude that an involuntary intoxication defense would have had any chance of success.  A lawyer is not ineffective for failing to pursue a frivolous defense.  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (where defendant claims that deficient because of failure to make suppression motion, "a *meritorious* Fourth Amendment issue is necessary to the success of a Sixth Amendment claim") (emphasis added).

In sum, petitioner's claims are either patently frivolous on their face or directly contradicted by the state court of appeals' findings of fact, the correctness of which petitioner has not challenged.  Before dismissing the petition, however, I will allow petitioner to respond to this order by submitting a memorandum that supplements his claim that his plea was not entered knowingly, voluntarily or intelligently.  In his memorandum, petitioner should

1) state whether he agrees with the state court of appeals' recitation of the relevant evidence; and

2) if he does not agree, identify specific facts that were either omitted from the state court's recitation or that contradict the facts found by the court of appeals.

13

If petitioner fails to submit his memorandum or fails in his memorandum to present facts that call into question the reliability or accuracy of the state court's findings, then the petition will be dismissed.


ORDER

IT IS ORDERED THAT, not later than October 5, 2009, petitioner shall submit a memorandum supplementing his petition with respect to his claim that his plea was not knowing, intelligent and voluntary.  In his memorandum, petitioner must

1) state whether he agrees with the state court of appeals' recitation of the evidence relevant to this claim; and

2) if he does not agree, identify specific facts that were either omitted from the state court's recitation or that contradict the facts found by the court of appeals.

If petitioner fails to submit his memorandum or fails in his memorandum to present facts that call into question the reliability or accuracy of the state court's findings, then the petition will be dismissed.

Entered this 15th day of September, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

14