IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS BONDS, JR.,

                Petitioner,                    ORDER

    v.                                                     09-cv-506-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

This is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Petitioner Julius Bonds, Jr. was convicted in September 2006 in the Circuit Court for Brown County for two counts of burglary, aggravated battery, robbery by use of force and second-degree sexual assault. He filed this petition on August 14, 2009, asserting four grounds for relief:

> 1) His no contest plea was unknowing and involuntary because neither trial counsel nor the trial court informed petitioner of all of the elements of aggravated battery and both trial counsel and the trial court told petitioner that the court would not appoint another lawyer to represent him if petitioner fired his trial lawyer;

> 2) His no contest plea was not a voluntary plea because his lawyer threatened to abandon him if he insisted on going to trial, told him no jury would believe petitioner's claim that he was under the influence of alcohol and prescription medication at the time he committed the crimes, refused to call a medical expert to support petitioner's defense and told petitioner the court would not appoint a new lawyer to represent him;

> 3) Petitioner's arrest was unlawful because the court did not make a probable cause determination or issue a warrant; and
>
> 4) Petitioner's conviction and sentences violate the prohibition against double jeopardy.

In an opinion and order entered September 16, 2009, I determined that claims 3 and 4 failed to state cognizable claims for federal habeas relief and that petitioner stood no chance of success on claims 1 and 2 unless he could adduce facts that called into question the reliability or accuracy of the state appellate court's findings on direct appeal. <u>State v. Bonds</u>, 2007AP2032-CRNM (Ct. App. Apr. 22, 2008). I gave petitioner until October 5, 2009 to supplement his petition regarding claims 1 and 2.

On October 1, 2009, petitioner filed several documents in response to the court's order. Most of these documents consist of print-outs showing the medications petitioner takes and their possible side effects. On October 7, however, he explained that he had more information to submit and asked for more time in which to do so. The magistrate judge granted his request, giving petitioner until November 9 in which to submit additional documents.

Instead of submitting additional documents, petitioner has filed a motion to stay the petition and place it in abeyance. According to the motion, petitioner has a challenge to his 2006 conviction pending before the Wisconsin Supreme Court. A review of the docket sheet for that case, 09-AP-1625-W, shows that on June 29, 2009, petitioner filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals, which that court denied on July

10, 2009. Petitioner filed a petition for review of that decision in the Wisconsin Supreme Court, which is pending. Wisconsin Supreme Court and Court of Appeals Case Access, http://wscca.wicourts.gov (Appeal Number 09ap1625) (visited Nov. 25, 2009).

It appears that in the event the Wisconsin Supreme Court denies the petition, petitioner intends to amend his federal habeas petition to include new, as yet unexhausted claims that are before the state supreme court. Petitioner lists 10 claims in his motion, some of which duplicate claims he has already raised. The new, unexhausted claims that petitioner seeks to raise appear to be as follows:

> 1) Trial counsel was ineffective for failing to call John J. Rank as a medical expert to testify concerning the prescription medication petitioner was taking that causes mental confusion "and to show petitioner lack [sic] psychological profile as a sex offender, which put the petitioners [sic] mental status at issue and where fundamental fairness required petitioner be order [sic] to submit to psychiatric evaluation by State selected expert";
>
> 2) The trial court violated his "constitutional rights" when it failed to determine whether petitioner was competent to litigate his pro se motions and failed to inform petitioner of the consequences of proceeding pro se;
>
> 3) The filing of a no-merit report by petitioner's appellate lawyer violated petitioner's First Amendment right to obtain redress; and
>
> 4) The filing of the no-merit report violated petitioner's Sixth Amendment right to counsel on direct appeal.

Mot. to Stay, dkt. #10, at 1-2, issues 5 and 8-10.

As for his response to this court's September 16, 2009 order, petitioner asserts that he does not agree that the Wisconsin Court of Appeals accurately and completely stated the

facts in its April 22, 2008 order. However, petitioner asserts, he cannot prove this because he does not have a copy of the relevant state court transcripts.

Even without the transcripts, petitioner ought to be able to identify which, if any, of the state appellate court's findings he disagrees with. Nonetheless, I will give petitioner the benefit of the doubt and order respondent to produce the transcripts. At this juncture, however, respondent does not need to file an answer to the petition as required by Rule 5 of the Rules Governing Section 2254 Cases. Petitioner shall have 30 days from the date on which he receives the transcripts in which to identify specific facts that contradict those found by the court of appeals and that support his claim that his plea was not entered knowingly, voluntarily or intelligently. If he fails to do so, his petition will be dismissed.

By the time petitioner files his response, the Wisconsin Supreme Court will likely have decided the pending petition for review. Accordingly, there is no need to stay this action. However, petitioner should be aware that in the event he seeks to amend his petition to include the unexhausted claims, his motion is likely to be denied because none of his new claims appears to have any merit.

ORDER

IT IS ORDERED that

1. Not later than December 17, 2009, respondent shall submit a copy of the transcripts from petitioner's plea and sentencing hearings, with a copy to petitioner.

2. Within 30 days after receiving the transcripts, petitioner shall submit a memorandum to the court, identifying specific facts that contradict those found by the court of appeals and that support his claim that his plea was not entered knowingly, voluntarily or intelligently. If he fails to do so, his petition will be dismissed.

3. Petitioner's motion for an order staying the petition (dkt. 10) is DENIED.

Entered this 27th day of November, 2009.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                BARBARA B. CRABB
                                                District Judge