IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIUS BONDS, JR.,

                Petitioner,                OPINION AND ORDER

    v.                                                   09-cv-506-bbc

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

---

Petitioner Julius Bonds, Jr. is in custody serving a sentence imposed by the Circuit Court for Brown County, Wisconsin, for two counts of burglary, aggravated battery, robbery by use of force and second-degree sexual assault. He contends that his no contest plea to the charges was not entered knowingly or voluntarily because he was not informed of all of the elements of aggravated battery and because the lawyer who represented him was ineffective. (Petitioner also challenges his sentence and the trial court's jurisdiction, but I have already determined that these two claims are not cognizable in a federal habeas petition. Op. and Order, Sept. 16, 2009, dkt. #6, at 9-11.) Reviewing petitioner's claims of an unknowing plea and ineffectiveness of counsel on direct appeal, the Wisconsin Court of Appeals found that petitioner had not presented any evidence to show that his lawyer's performance was deficient; the trial court had properly informed petitioner of all of the elements of the offense

of aggravated battery; and petitioner's plea was in all other respects entered voluntarily and intelligently.

Petitioner now brings this habeas corpus petition pursuant to 28 U.S.C. § 2254. In a previous order, I determined that although petitioner's challenges to his plea stated arguable grounds for federal habeas relief, petitioner stood no chance of succeeding on them unless he presented clear and convincing evidence to dispute the relevant facts found by the state court of appeals, which stand in direct contrast to the allegations in the petition. Accordingly, I did not order respondent to respond to the petition but instead gave petitioner the opportunity to identify specific facts that contradict those found by the court of appeals and that support his claim that his plea was not entered knowingly, voluntarily or intelligently. Petitioner has failed to meet his burden. Accordingly, the petition must be dismissed.

FACTS

The relevant facts were summarized by the Wisconsin Court of Appeals in an opinion and order issued on April 22, 2008, a copy of which petitioner attached to his petition. State v. Bonds, 2007 AP2032-CRNM, at 1-5 (Ct. App. Apr. 22, 2008). Those facts, along with the court's ruling on petitioner's claims, were set out in detail in the September 16, 2009 order, dkt. #6, at 2-7, and are incorporated herein by reference.

OPINION

Petitioner raises five objections to the factual findings by the state court of appeals. First, he disputes the state appellate court's summary of the allegations in the complaint related to his assault of E.J.S. Petitioner presents his own version of events and suggests that the sexual contact between him and E.J.S. was consensual. However, the court of appeals was merely summarizing what the complaint said; it did not find that the allegations in the complaint were true. Petitioner does not deny that the court accurately recited the complaint, but denies that the complaint was accurate. This dispute is not material to the question whether petitioner understood what he was doing and was not coerced when he entered his no contest plea.

Second, petitioner denies that he took a different position in his motion to withdraw his plea from the one he took in his statement to the writer of the presentence investigation concerning what happened between him and E.J.S. Like the first dispute, this one is not material to the question whether petitioner entered his plea knowingly and voluntarily. In noting the discrepancy, the court of appeals was merely describing what occurred at the September 11, 2006 hearing on petitioner's pro se motions. It did not rely on petitioner's alleged change of position as a basis for rejecting his challenges to his plea.

Third, petitioner disputes the state appellate court's finding that he waived his right to challenge his lawyer's effectiveness leading up to the plea when he told the court that he

wanted to proceed to sentencing and have his attorney represent him.  Petitioner asserts that he felt "pressured" into accepting his lawyer's representation because he had been told by the court at a previous hearing that the court would not appoint another lawyer for him and petitioner did not want to represent himself.  (Petitioner refers to a November 7, 2005 "Status of New Counsel" hearing, but he has not provided a transcript from that hearing. A review of the electronic docket sheet shows that on October 7, 2005, the court held a status conference, at which it "discusse[d] issues with defendant related to [attorney] availability."  Wisconsin Circuit Court Access, http://wcca.wicourts.gov (search Brown County Case 2005CF0708).)  However, whatever the court might have told petitioner at a previous hearing, it is undisputed that at the September 11, 2006 hearing, the court made clear to petitioner that he would be entitled to a new lawyer if he showed that his current lawyer was ineffective.  Specifically, the trial court asked petitioner the following question:

> [D]o you want to proceed with the sentencing today or do you want me to address, to make a decision on your motions to allow you to withdraw your pleas and consider appointing a new attorney for you?

Tr. of Sentencing Hrg., Sept. 11, 2006, dkt. #13, at 5.  When petitioner indicated that he just wanted to "make sure that everything is done by the law," id., the court addressed petitioner as follows:

> Mr. Bonds, I don't know what to tell you about that.  Other than every attorney is going to handle your case a little bit differently.  A good attorney in order to be effective– first of all, you aren't entitled to hand pick your attorney and get the best lawyer in town.  That isn't the way it works . . . You are entitled to a competent attorney.  You know as well as I do that it was difficult to get an attorney for you, because of your marriage and your wife's

income making you ineligible for the Public Defender and that I attempted a number of attorneys.   Mr. Blank took the case.

\* \* \* \* \*

I can't tell you if he did a great job or a bad job for you.  I don't know enough about it.  You know better than I do what the evidence is that the State has against you.  I haven't seen it.

So, but if what you are saying is you want to keep going through this until you get a lawyer that sees it your way or says that you are convinced has done 100 percent of everything that could possibly be done, I don't think that is a realistic scenario.  But I can't tell you anymore than that.

\* \* \* \* \*

You have the choice today of going forward with the sentencing or trying to persuade me that you should be allowed to withdraw your plea.  And you have to give me some reasons for that.  And should I allow you to withdraw your plea, then you need to persuade me that I should try to find another lawyer for you, which I would have to do if I felt that there was grounds to allow you to withdraw your plea and that Mr. Blank had been ineffective.  But obviously, it would not be any easy task to do that.  But I would have to make a diligent effort to find a competent lawyer for you.

Id. at 5-7.

After having an opportunity to consult with his lawyer, petitioner told the court that he wanted to proceed to sentencing with his current lawyer.  The transcript from the hearing plainly supports the appellate court's finding that petitioner decided voluntarily to abandon his motion to withdraw his plea and refutes petitioner's suggestion that he was misled into thinking he would have to proceed pro se if he went ahead with his motion.

Fourth, petitioner repeats his allegation that his lawyer was ineffective because he refused to pursue a defense that petitioner's contact with E.J.S. was consensual or that petitioner's judgment was impaired by alcohol and prescription medications.  As in the state

5

appellate court, however, petitioner has not presented any evidence to suggest that either defense would have been successful, such as an affidavit from an expert who would support petitioner's allegation that he experiences "mental confusion" from his prescription medications. The mere fact that mental confusion is listed as a possible side effect of some of petitioner's medications is not enough to establish that an involuntary intoxication defense would have been successful. Without testimony from an expert, there is no basis to find that petitioner was prejudiced by his lawyer's failure to investigate. Hill v. Lockhart, 474 U.S. 52, 59 (1985) (where defendant challenges lawyer's performance in connection with plea, prejudice inquiry depends "in large part on a prediction whether the evidence likely would have changed the outcome of a trial"); Fuller v. United States, 398 F.3d 644, 652 (7th Cir. 2005) (quotation removed) (lawyer "has no duty to make a frivolous argument").

Finally, petitioner makes a number of arguments in support of the two other claims in the petition that I previously determined failed to state cognizable claims for federal habeas relief. Op. and Order, Sept. 16, 2009, dkt. #6, at 9-11. Having considered petitioner's arguments, I am convinced that my initial ruling on these claims was correct.

In sum, petitioner has not adduced any evidence to call into dispute the findings of the state court of appeals, which are supported by the transcript of the plea and sentencing hearings. Those transcripts leave no doubt that petitioner entered his plea knowingly, voluntarily and intelligently. Petitioner has not adduced sufficient evidence to support his

claim that he had a viable defense to the charges that his lawyer should have pursued. Accordingly, the petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. As should be plain from the foregoing discussion, petitioner has not made a substantial showing of the denial of a constitutional right.

ORDER

IT IS ORDERED that the petition of Julius Bonds, Jr. for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Entered this 27th day of April, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge